Matthews v. Perdue.

---

ED. MATTHEWS et al., Respondents, v. THOMAS PERDUE, Appellant.

### St. Louis Court of Appeals, February 21, 1899.

Practice, Trial: AMENDMENT: ANSWER: WAIVER. In the case at bar appellant took no exception to the amendment, when it was filed, by motion to strike out, or otherwise, but filed his answer to it, thus accepting the amendment and waiving any objection he might have.

*Appeal from the McDonald Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

J. A. STURGIS for respondents.

The amendment to plaintiff's statement was permissible; it did not change the cause of action. R. S. 1889, sec. 6347,

p. 1497; Shaffner v.Leahy, 21 Mo. App. 110; Rathburn, Sard & Co. v. Teeter, 25 Mo. App. 283. In this case, on appeal, and after the evidence was in, another item of $31.75 was added. The amendment was in the discretion of the court, and will not be disturbed unless it clearly appears that the discretion has been abused. Johnson v. Blell, 61 Mo. App. 37 (see last page of opinion); Collins v. Glass, 46 Mo. App. 297. The statute in relation to amendments is liberal, and courts should be as liberal as the statute. Collins v. Glass, 46 Mo. App. 297; Carr v. Moss, 87 Mo. 447. No objection was made to the amendment at the time, and can not be first made in the court of appeals. Robertson v. Railway, 21 Mo. App. 633, 637; Keen v. Munger, 52 Mo. App. 660; Scovill v. Glassner, 79 Mo. 449, 454, 455. This is the leading case on this point. Defendant, by answering this amended statement, waived his right to object.

JOHN B. CHRISTENSEN for appellant. .

Justices of the peace have no jurisdiction over equitable proceedings. R. S. 1889, sec. 6124. By jurisdiction of the subject-matter of a cause of action, is meant jurisdiction over the general class of actions to which it belongs. State ex rel. v. Smith, 104 Mo. 419; State ex rel. v. Neville, 110 Mo. 345; Railroad v. Lowder, 138 Mo. 533, loc. cit. 536. The justice of the peace having no jurisdiction, the circuit court would acquire none by virtue of the appeal, and such being the case no action which the plaintiff could take could confer such jurisdiction. Rankin v. Fairley, 29 Mo. App. 587; Jones v. Burden, 56 Mo. App. 197. An action by one partner against his copartner, in respect to partnership matters prior to a settlement between them is a suit in equity, and hence the justice was without jurisdiction. Newberger v. Friede, 23 Mo. App. 631; Strothert v. Knox, 5 Mo. 112; Bond v. Bemis, 55 Mo. 524; Springer v. Cabell, 10 Mo. 640. Consent of parties can not confer jurisdiction. of the subject-matter; waivers

Matthews v. Perdue.

respecting jurisdictional questions are not recognized. Geising v. Schowengerdt, 24 Mo. App. 554; State v. Bulling, 100 Mo. 87; Dodson v. Scroggs, 47 Mo. 289; Stone v. Corbett, 20 Mo. 350; Robinson v. Walker, 45 Mo. 117. And legislative omission to confer jurisdiction can not be supplied by judicial construction. Taaffe v. Ryan, 25 Mo. App. 563.

BLAND, P. J.—This action was begun before a justice of the peace and appealed to the circuit court, where an amended statement and account was filed, to which the defendant filed an answer. The amended account is for work and labor done and furnished and material purchased for the defendant, and for money loaned to him by the plaintiffs. The answer is a general denial, and a special plea of copartnership existing between plaintiffs and defendant, and that the labor done, material and cash furnished by plaintiffs was done and furnished by them as copartners of defendant, and for the benefit of the partnership business. Plaintiffs recovered judgment, from which defendant duly appealed.

Plaintiffs and defendant entered into the following contract on twenty-third day of September, 1896, to wit: "Articles of agreement, made this 23rd day of September, 1896, between Thomas Perdue, of McDonald county, Missouri, party of the first part, and Matthews and Rinehart, of Newton county, Missouri, parties of the second part. First— The said parties of the second part doth hereby for themselves, their heirs, executors, or administrators, covenant, promise, and agree to and with the said party of the first part, his executors, administrators, or assigns, that they, the said parties of the second part, their executors or administrators, shall and will for the consideration hereinafter mentioned furnish to the use and for the benefit of the party of the first part as well as to the use and benefit of the parties of the second part: One sixteen-horse Altman and Taylor engine to be used as the motive power for the purpose of operating a distillery now owned by the said party of the first part. Second—Said parties

of the second part further to agree to pay one-half of all the expenses of operating said distillery, until the first day of January, 1897, and they further agree to pay the revenue on one-half the whisky manufactured at said distillery up to said date, January 1, 1897. And the party of the first part doth hereby for himself, his heirs, executors, and administrators, covenant, promise, and agree to and with the said parties of the second part, their executors and administrators, that the said party of the first part, his executors and administrators, shall and will in consideration of the covenant and agreements herein made, agrees to pay said parties of the second part one-half of the whisky manufactured by said party of the first part to be paid monthly at the option of said parties of the second part. This contract shall remain and be in force until the first day of January, 1897.

"Thomas Perdue,

"Matthews & Rinehart."

The evidence introduced by plaintiffs tended to prove that the work done by them was done in and about making repairs on defendant's premises, to put them in order to operate his still, and that the materials purchased and paid for by them were for the purpose, and used, to put defendant's distilling machinery in proper condition to be operated, and that the money loaned by them to defendant was to enable him to purchase certain articles and fixtures for his still, and that the work was all done, the articles all furnished, and the money all loaned, before the still was put in operation under the special contract of partnership, and was independent of and outside the partnership contract. The defendant's testimony tended to dispute the correctness of the greater number of the items of plaintiff's account and to prove that all the work done by them, the items furnished and money received by him, from them, was done, paid and received under the contract of copartnership. The court by correct instructions directed the jury as to its findings on the issues, and the verdict is supported by

the preponderance of the evidence, and we find no error in the rulings of the court on the admission or rejection of testimony. Appellant assigns for error that respondents by their amendment in the circuit court changed their cause of action. Appellant took no exception to the amendment when it was filed by motion to strike out or otherwise, but filed his answer to it, thus accepting the amendment and waiving any objection he might have. The partnership agreement did not prohibit the plaintiffs from suing the defendant on a contract outside of the partnership, work and labor done and materials furnished to put the stilling plant in running order, were not "operating" expenses, and the plaintiffs under the partnership agreements were not bound to contribute to the expense of this character of work. The court very clearly separated what was partnership transactions under the contract from what were not, and the verdict of the jury, under the testimony shows that they correctly interpreted the instructions and rendered a correct verdict. We find no reversible error in the record, and affirm the judgment. All concur.